IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELL EWING                                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:16cv122-LG-RHW

TAYLOR HORN                                                                                            DEFENDANT

## REPORT AND RECOMMENDATION

This case is before the Court on [22] motion for summary judgment for failure to exhaust administrative remedies filed September 14, 2016 by Defendant Lt. David Horn.[1]  Plaintiff has filed no response to the motion, and the matter is ripe for ruling.

## Facts and Procedural History

Ricky Ronnell Ewing, inmate # 34353, is presently incarcerated at Wilkinson County Correctional Facility (WCCF) serving two sentences totaling twenty-three years, for convictions of manslaughter (20 years) and possession of a weapon by a felon (three years).  His tentative release date is March 2, 2024.[2]  Ewing dated his complaint April 5, 2016 [1, ¶ IV], and it was received and filed by the clerk on April 11, 2016.

Ewing alleges violation of his constitutional rights due to the conditions of his confinement and by use of excessive force during a March 7, 2016 incident at South Mississippi Correctional Institution (SMCI), where Ewing was then imprisoned.  Ewing alleges Lt. Horn threatened him with a black stick and told Ewing he did not like him and would hurt him.  Ewing alleges Lt. Horn locked him in a cell because he (Ewing) was talking to a friend from unit 9 at

---

[1]Plaintiff named Lt. Taylor Horn as the defendant in his complaint, however the Mississippi Department of Corrections subsequently identified the individual as Lt. David Horn, and Plaintiff has referred to the Defendant as Lt. David Horn since May 31, 2016. [7]

[2]This information is from the Mississippi Department of Corrections (MDOC) web site.

the gym. The cell where Horn put Ewing for approximately seven hours, had no bathroom or running water. [1, pp. 5-7], [7, ¶¶ 1-2]

In his complaint, Ewing indicates he was an MDOC prisoner at the time of the incident of which he complains, and alleges he has completed the Administrative Remedy Program (ARP) regarding these claims, stating he presented his claims on March 7, 2016. Ewing then states:

> I haven't heard anything from it yet Joseph Cooley & Richard Pennington ARP officers plan (*sic*) with my ARP.
> ***
> I'm still waiting on my ARP to come back Joseph Cooley is tempting (*sic*) with all of my ARPs I got proff (*sic*) that he is.

[1, p. 3] Ewing seeks nominal, compensatory and punitive damages, injunctive and declaratory relief "for all of [his] pain and suffering," and "release from MDOC with [his] golden seal as of this day here May 12, 2016." [1, p. 4]

## Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One seeking summary judgment must identify those portions of the pleadings and discovery on file and any

affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). However, once the movant carries his burden, the burden shifts to the non-movant to show summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show a genuine issue as to a material fact exists. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

## Discussion

In support of his motion for summary judgment on the exhaustion issue, Defendant presents the affidavit of Joseph Cooley, custodian of the Administrative Remedy Program (ARP) records at SMCI. Cooley's September 14, 2016 affidavit confirms that Ewing filed a grievance on March 10, 2016 through the ARP at SMCI requesting to be moved away from Lt. Taylor, but states, "This grievance is in backlog because there are previous Grievances that will be processed before this one." [1-1] Under MDOC policy only one ARP is considered active at a time, *i.e.*, if

a prisoner who has an ARP under consideration files another ARP grievance which is accepted, the latter is backlogged until such time as the prior one is resolved.  The Fifth Circuit has recognized that backlogging is neither unconstitutional nor an abrogation of the exhaustion requirement of 42 U.S.C. § 1997e(a).  *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015), citing *Wilson v. Boise*, 252 F.3d 1356 (5th Cir. 2001).

> Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process.  Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process.  Thus it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.  This is true both under the terms of the program ... and as a matter of the law of this circuit.

(emphasis in original, citations omitted), *Wilson v. Epps*, 776 F.3d at 301.  Ewing did not exhaust his administrative remedies by merely filing a first step ARP, even if he received no response to the first step.  That Ewing had a backlog of grievances is unsurprising given that, in addition to the present case, he filed eleven other prisoner civil rights lawsuits between August 3, 2015 and April 11, 2016: *Ewing v. Woodall, et al.*, 1:15cv253-LG-RHW filed 8/3/2015, Report and Recommendation filed 11/2/2016 recommending that summary judgment be granted and the case dismissed; *Ewing v. Jone, et al.*, 1:15cv254-HSO-JCG, dismissed as malicious 2/1/2016 and a strike assessed; *Ewing v. Cooley*, 1:15cv277-HSO-JCG filed 8/27/2015, dismissed as frivolous and for failure to state a claim 4/11/2016 and a strike assessed, appeal dismissed 9/23/2016; *Ewing v. Banks*, 1:15cv298-RHW filed 9/11/2015, pending motion for summary judgment for failure to exhaust; *Ewing v. Peabody, et al.*, 1:16cv46-HSO-JCG filed 2/16/2016; *Ewing v. Peabody, et al.*, 1:16cv52-HSO-JCG filed 2/16/2016; *Ewing v. Sanford*, 1:16cv56-HSO-JCG

filed 2/19/2016; *Ewing v. William*, 1:16cv76-LG-RHW filed 3/2/2016; *Ewing v. Richie, et al.*, 1:16cv90-HSO-JCG filed 3/10/2016, partial dismissal and a strike assessed on 5/17/2016, pending motion for summary judgment for failure to exhaust as to remainder of case; *Ewing v. Taylor*, 1:16cv93-HSO-JCG filed 3/10/2016 pending motion for summary judgment for failure to exhaust; *Ewing v. Frost*, 1:16cv121-LG-RHW filed 4/11/2016 pending motion for summary judgment for failure to exhaust.

## Law and Analysis

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006)(holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed.Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the

grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. Based upon the evidence presented, the undersigned is of the opinion that Ewing did not exhaust his administrative remedies prior to filing this lawsuit.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the motion for summary judgment be granted and this case be dismissed for Plaintiff's failure to exhaust administrative remedies prior to filing suit.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 4th day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE