IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICKY RONNELL EWING**                                                  **PLAINTIFF**

v.                                               **CAUSE NO. 1:16CV122-LG-RHW**

**DAVID HORN**                                                       **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION

This cause comes before the Court on the [25] Report and Recommendation of United States Magistrate Judge Robert H. Walker entered in this action on November 4, 2016. In this prisoner civil rights case filed pursuant to 42 U.S.C. § 1983, Plaintiff Ricky Ronnell Ewing alleges violation of his constitutional rights due to the conditions of his confinement and by use of excessive force during a March 7, 2016 incident at South Mississippi Correctional Institution, where Ewing was then imprisoned.

Defendant David Horn filed a motion for summary judgment, arguing that Ewing had failed to exhaust his administrative remedies.[1] Ewing did not respond to the motion, and Magistrate Judge Walker recommended granting

---

[1] Plaintiff named Taylor Horn as the defendant in his Complaint. However, the alleged offending individual was subsequently identified as David Horn, and Plaintiff has since consistently referred to the defendant as David Horn.

1

the motion and dismissing this action "for Plaintiff's failure to exhaust administrative remedies prior to filing suit." (Rep. & Rec. 6, ECF No. 25). Ewing timely filed his [27] Objection to the Report and Recommendation.

The Court reviews the objected-to portions of the Report and Recommendation *de novo* and make its own determination based on the record developed before the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675 (1980); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Having conducted the required *de novo* review, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted as the opinion of this Court and this action be dismissed.

## DISCUSSION

42 U.S.C. § 1997e requires that before a prisoner brings an action under § 1983, he must first exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a). The Fifth Circuit takes a strict approach to this "exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly." *See Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) (citation, quotation marks, and emphasis omitted).

The Mississippi Department of Corrections (MDOC) Administrative Remedy Program ("the ARP")

2

> consists of two steps, both of which must be completed to effect exhaustion of administrative remedies. The two-step ARP process of the MDOC begins when the inmate submits his written grievance to the prison's legal claims adjudicator within 30 days of the incident of which he complaints. The adjudicator screens the grievance and determines whether to accept it into the ARP process; if accepted, the grievance is forwarded to the appropriate official for a First Step Response. . . . If the inmate is dissatisfied with the First Step Response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator. The Superintendent, Warden or Community Corrections Director issues the final ruling (the Second Step Response). If the inmate remains unsatisfied, he may then file suit in court.

*McFadden v. Fisher*, No. 1:15CV374-RHW, 2016 WL 6635639, at *3 (S.D. Miss. Nov. 9, 2016). "MDOC employs a 'backlogging' policy under which only one ARP is considered active at a time, while the rest are maintained in 'backlog.'" *Wilson v. Epps*, 776 F.3d at 300. The Fifth Circuit has "recognized that backlogging is not unconstitutional, nor does it abrogate § 1997e's exhaustion requirement." *See id.* at 301.

The record in this matter confirms that Ewing filed a grievance through the ARP in March 2016, and has not received a response. Defendant has submitted evidence that the lack of response is due to a backlog of grievances received from Ewing. Magistrate Judge Walker stated: "That Ewing ha[s] a backlog of grievances is unsurprising given that, in addition to the present case, he filed eleven other prisoner civil rights lawsuits between August 3,

3

2015 and April 11, 2016 . . . ."[2]  (Rep. & Rec. 4, ECF No. 25).  The Court has verified this plethora of lawsuits, and agrees with the Magistrate Judge's assessment of the backlog.

In his Objection, Ewing does not genuinely dispute that he has filed a grievance, but has not yet received a response.  Instead, he argues that the MDOC is purposefully not processing the subject grievance.  However, such conclusory allegations are insufficient to overcome summary judgment, and, moreover, are belied by the sheer volume of cases that Ewing already has pending, as discussed above.  *See, e.g.*, *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (conclusory assertions by prisoner "in the district court failed to create a genuine dispute as to his exhaustion of [a] grievance").  In any event, even if Ewing could show that the MDOC was not properly processing his grievance, he still cannot show exhaustion because the record is clear that he has not proceeded through *both* steps of the ARP's process, regardless of whether MDOC failed to respond at the first step.  *See Wilson v. Epps*, 776 F.3d at 302.

## CONCLUSION

There is no genuine dispute that Plaintiff Ewing has failed to properly

---

[2] Ewing's current Complaint was filed April 11.

exhaust his administrative remedies prior to filing this action. Accordingly, the Court finds dismissal appropriate. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [25] Report and Recommendation of United States Magistrate Judge Robert H. Walker entered in this action on November 4, 2016 is adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [22] Motion for Summary Judgment filed by Defendant David Horn is **GRANTED** and that the [1] Complaint filed by Plaintiff Ricky Ronnell Ewing is **DISMISSED**. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE